UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TONJA BROWN, as an Individual; and TONJA BROWN, administratrix of the Estate of Nolan Klein,<br><br>Plaintiff,<br>v.<br><br>STATE OF NEVADA ex rel. The Department of Corrections, et al.,<br><br>Defendants. | Case No. 3:13-cv-00351-MMD-WGC<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 12) |

I.   **SUMMARY**

Before the Court is Defendants State of Nevada ex rel. the Nevada Department of Corrections ("NDOC"), Board of Prison Commissioners, Attorney General Catherine Cortez-Masto, Director James "Greg" Cox, Senior Deputy Attorney General William Geddes, Deputy Attorney General Kara Krause, Secretary of State Ross Miller, and Governor Brian Sandoval's Motion to Dismiss (the "Motion"). (Dkt. no. 12.) For the reasons set out below, the Motion is granted.

II.   **BACKGROUND**

Plaintiff Tonja Brown filed the Complaint on June 28, 2013. (Dkt. no. 1.) Plaintiff is proceeding *pro se*. The Complaint alleges that Plaintiff attended a Board of Prison Commissioners meeting on December 5, 2011. At the meeting, Plaintiff spoke to "publicly expose" Defendant Geddes for withholding exculpatory evidence in a criminal matter involving Plaintiff's brother, Nolan Klein. (*Id.* at 2.) Plaintiff had an ongoing lawsuit

brought on behalf of Klein against the NDOC. A settlement agreement was executed in that suit ("Settlement Agreement"). (*See* dkt. no. 15, Ex. 1.) At the Board of Prison Commissioners meeting, Plaintiff referenced deposition testimony and discovery documents from that suit. After she "finished with her comments," Plaintiff sought to introduce these documents into the public record. (Dkt. no. 1 at 4.) Defendant Geddes, speaking on behalf of the Attorney General's office and the NDOC, stated that the NDOC reserves the right to strike from the public record any confidential material read or submitted by Plaintiff. (Dkt. no. 15 at 22.)

At the next Board of Prison Commissioners meeting on May 17, 2012, the minutes for the December 5, 2011, meeting were passed and stated: "Due to a settlement agreement, several documents submitted for posting with these minutes have been specified as confidential and therefore will not be posted. Additionally, information on several other documents needs to be redacted before posting. The settlement agreement affects documents listed as attachments 2 and 12. Once the documents in question have been reviewed, all allowable documents will be placed in this record." (Dkt. no. 1 at 19.)

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 for violation of her First Amendment rights and conspiracy to violate her First Amendment rights. Plaintiff also asserts state law claims for negligent infliction of emotional distress and violation of open meeting law.

### III.   DISCUSSION

#### A.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

B.  **Plaintiff's Federal Law Claims**

Plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985 for violation of her First Amendment rights and conspiracy to violate her First Amendment rights. There are two

essential elements to a § 1983 claim: "(1) the defendants acted under color of law, and (2) their conduct deprived [plaintiff] of a constitutional right." *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) (*citing Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)).

The Complaint states that Defendants breached the Settlement Agreement "IN WHICH SUCH A BREACH IMPLICATES THE First Amendment of the constitution." (Dkt. no. 1 at 18.) Plaintiff argues that, under the terms of the Settlement Agreement, the Relevant Documents were not confidential. (Dkt. no. 15 at 24.) To the extent that Plaintiff seeks remedy for violation of the terms of the Settlement Agreement, the proper course of action is to bring a claim for breach of contract in state court.[1] The Court will consider, however, whether Plaintiff's First Amendment rights were violated by the Board of Prison Commissioners' decision to not enter all of Plaintiff's documents into the public record.

In order to plead a First Amendment violation, the allegations in the Complaint must establish that Defendants "took action that would chill or silence a person of ordinary firmness from future First Amendment activities. *Martin v. Naval Criminal Investigative Serv.*, 539 F. App'x 830, 831 (9th Cir. 2013) (internal quotations and citations omitted); *see also Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). The deterrence of protected activity must be a substantial and motivating factor in Defendants' conduct. *See Martin*, 539 F. App'x at 831 (*citing Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir.1994)).

The Court finds that the facts alleged in the Complaint do not establish that a person of ordinary firmness would be deterred from future First Amendment activity. The

---

[1] In *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-81 (1994), the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit. When the initial action is dismissed, federal jurisdiction terminates. *Id.* A motion to enforce the settlement agreement is a separate contract dispute requiring its own independent basis for jurisdiction. *Id.* Therefore, "absent an express retention by a district court of jurisdiction to enforce a settlement agreement reached in a case pending before it, such 'enforcement of the settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction.'" *Camacho v. City of San Luis*, 359 F. App'x 794, 798 (9th Cir. 2009) (quoting *Kokkonen*, 511 U.S. at 381-82).

Complaint does not allege that Plaintiff was silenced at the meeting. To the contrary, it states that Plaintiff "finished with her comments." (Dkt. no. 1 at 4.) The transcript of the December 5, 2011, meeting offered by Plaintiff demonstrates that Plaintiff concluded her comments and Defendant Geddes spoke after Governor Sandoval asked if somebody else would like to provide public comment. (Dkt. no. 15, Ex. 2 at 11.) The Complaint does not allege that all of Plaintiff's public comments or all of her documents were stricken from the public record or deemed confidential. The allegations in the Complaint indicate that only those documents deemed confidential as a result of the Settlement Agreement were affected. (Dkt. no. 1 at 19.)

It appears that the only deterring effect of Defendants' actions is that, going forward, Plaintiff may be concerned about publishing documents related to her lawsuit as they may be deemed confidential under the terms of the Settlement Agreement. Indeed, public availability of the documents appears to be Plaintiff's chief concern. Plaintiff points out that, due to the fact that some of the documents were not entered into the public record, inmates that want to sue Defendants will not have easy access to important evidence. (*Id.* at 24.) The Court understands and appreciates this concern but the question, then, is whether the Relevant Documents are confidential under the terms of the Settlement Agreement. That is a matter of contract interpretation but it is not a First Amendment issue in this case.

The Court concludes that the Complaint has not sufficiently alleged that a person of ordinary firmness would be chilled from exercising First Amendment rights in the future as a result of the Board of Prison Commission's decision to treat some of Plaintiff's documents as confidential under the terms of the Settlement Agreement.

As the Complaint fails to allege a violation of a constitutional right, Plaintiff's claims under §§ 1983 and 1985 must be dismissed. *See Cassettari v. Nev. Cnty., Cal.*, 824 F.2d 735, 739 (9th Cir. 1987) (dismissing a § 1985 claim where the claim was based on the same insufficient allegations as plaintiff's § 1983 claim).

///

### C. Plaintiff's State Law Claims

The Court may *sua sponte* raise the issue of lack of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3). Even where neither party contests subject matter jurisdiction, courts are "bound to address it *sua sponte* if it is questionable." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) (*citing Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988)). Plaintiff alleges jurisdiction over the state law claims based solely on supplemental jurisdiction. (Dkt. no. 1 at 1-2.) As Plaintiff's claims under federal law are dismissed, however, the Court does not have supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's claims under state law are therefore dismissed due to lack of subject matter jurisdiction.

## IV. CONCLUSION

It is hereby ordered that Defendants' Motion to Dismiss (dkt. no. 12) is granted. The Complaint is dismissed without prejudice. Plaintiff, if she chooses to do so, may file a motion for leave to file an amended complaint within thirty (30) days. Plaintiff is advised that under Local Rule 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

DATED THIS 18th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE